**UNITED STATES of America, Appellee,**

v.

**Danuario REYES, Appellant.**

**No. 78–3549.**

United States Court of Appeals,
Ninth Circuit.

July 30, 1979.

Rehearing Denied Sept. 12, 1979.

Bernardo P. Velasco, Asst. Federal Public Defender, Tucson, Ariz., for appellant.

Gerald S. Frank, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before ELY and KENNEDY, Circuit Judges, and ORRICK,* District Judge.

KENNEDY, Circuit Judge:

After the twelve person jury had been impaneled and one juror was excused for a physical disability, the prosecution and counsel for appellant Reyes entered into an oral stipulation to proceed with an eleven person jury. It is rather apparent that the parties and respective counsel were not aware of the provisions of Fed.R.Crim.P. 23(b), which impose a requirement of a stipulation in writing signed by the parties and approved by the court before proceeding with a jury of less than twelve.[1]

After discovery of the disabled juror, the following exchange occurred:

THE COURT: May it be stipulated by the parties that we'll proceed with eleven jurors?

MR. FRANK: (the prosecutor): Yes, Your Honor, on behalf of the government.

MR. VELASCO (defendant's lawyer): Yes, Your Honor.

THE COURT: Your client is agreeable also?

MR. VELASCO: Yes, Your Honor.

THE COURT: Very well. We'll excuse you, sir.

THE JUROR: Sir?

THE COURT: You are excused.

THE JUROR: Thank you.

THE COURT: Counsel may proceed with opening statements.

Following the guilty verdict, a hearing on defendant's motion for a new trial was held. The court questioned defendant's lawyer:

THE COURT: Well, Mr. Velasco, I'm going to find out from the defendant if you did what I asked you to do and asked him if he was agreeable. As I recall, we had a recess and you talked to him at some length, and then you told me, or when we came back, I asked if counsel were ready—were willing to proceed with 11, and you said yes, and I asked you directly if this is agreeable with your client, and you said yes.

MR. VELASCO: Yes, Your Honor, I don't have any question or doubt with respect to what happened and what you have received now.

THE COURT: In other words, you are stipulating that when I asked you to talk to him, you did talk with him, he did agree that he would go on with 11 jurors?

MR. VELASCO: Yes, Your Honor, The transcript reflects that, yes. I'm saying to the Court that even though that occurred, that still is not sufficient waiver.

After denial of defendant's motion for a new trial, the trial court at the sentencing proceeding addressed the defendant directly. The following exchange occurred:

BY THE COURT:

Q  Mr. Reyes, going back to the date that your trial began, after we

* Honorable William H. Orrick, Jr., United States District Judge for the Northern District of California, sitting by designation.

1. Rule 23(b) provides:

Juries shall be of 12 but at any time before verdict the parties may stipulate in writing with the approval of the court that the jury shall consist of any number less than 12.

thought we had selected the jury and it was discovered that one of the jurors, one of the prospective jurors was deaf, and I directed Mr. Velasco to ask you if you would agree to a trial with eleven jurors—

A  That if I agreed to it?

Q  Yes.

A  Uh-huh.

Q  —and did he ask you that?

A  Yes.

Q  And did you agree that you would go ahead and try the case with eleven jurors?

A  I think however you wish.

Q  Please?

A  I said however you wish.

Q  In other words, if Mr. Velasco wanted to do that, you would agree to it?

A  Yes, whatever he says.

The issue before us is whether the above exchanges were sufficient to satisfy the requirements of Fed.R.Crim.P. 23(b).[2]

▇ In *United States v. Guerrero-Peralta*, 446 F.2d 876, 877 (9th Cir. 1971), this court stated that "an oral stipulation may, under certain circumstances, satisfy the Rule [Rule 23(b)], but it must appear from the record that the defendant personally gave express consent in open court, intelligently and knowingly, to the stipulation." *Accord, United States v. Lane*, 479 F.2d 1134 (6th Cir. 1973), *cert. denied*, 414 U.S. 861, 94 S.Ct. 78, 38 L.Ed.2d 112 (1973); *United States v. Ricks*, 155 U.S.App.D.C. 57, 475 F.2d 1326 (1973). We think that to satisfy this requirement, the defendant's expression of consent on the record must appear at the time the stipulation is made, and not at some subsequent point such as a sentencing hearing.

Questioning of the defendant by the trial judge when the stipulation is presented serves more than the evidentiary purpose of providing reliable evidence that the defendant has in fact consented.[3] Both the requirement of a writing signed by defendant, and questioning of the defendant in open court, indicate to the defendant that the decision whether to agree to a jury of less than twelve persons is an important step in the trial. Such procedures underscore the significant decision faced by the parties. The function served by questions from the trial judge in open court on the record is most apparent in the procedures governing acceptance of guilty pleas, *see* Fed.R.Crim.P. 11. Similarly, courts discussing the validity of a defendant's waiver of a jury trial under Fed.R.Crim.P. 23(a) have emphasized the importance of detailed questioning of the defendant in open court at the time of the waiver. *See, e. g., United States v. David*, 167 U.S.App.D.C. 117, 122–123, 511 F.2d 355, 360–62 (1975). Indeed, even when a defendant has signed a written stipulation waiving his right to a jury trial, courts have recognized that

> it is better practice for a district judge, when advised by a defendant that he desires to waive his right to a jury trial, to interrogate the defendant so as to satisfy himself that the defendant is fully apprised of his rights and freely and voluntarily desires to relinquish them. Such an interrogation would provide the district judge with an additional factual basis on which to grant or withhold his approval of the waiver.

*United States v. Hunt*, 413 F.2d 983, 984 (4th Cir. 1969).

---

2. The language in rule 23(b) providing that the stipulation must be "at any time before verdict" does not require reversal in this case. The purported stipulation in this case did occur before the verdict, and the issue is whether the defendant's post-verdict statement that he consented to the stipulation is sufficient to satisfy the standards set forth in *Guerrero-Peralta*.

3. If the only purpose of rule 23(b)'s requirement of a writing, and the standards discussed in *Guerrero-Peralta*, was to provide reliable evidence of the defendant's consent, *cf. United States v. Virginia Erection Corp.*, 335 F.2d 868, 871 (4th Cir. 1971), the record before us probably would be sufficient to demonstrate defendant agreed to the stipulation at the time it was made. *See United States v. Ricks*, 155 U.S. App.D.C. 57, 475 F.2d 1326, 1327 (1973). *But cf. United States v. David*, 167 U.S.App.D.C. 117, 511 F.2d 355, 360–62 (1975) (waiver of jury trial under Fed.R.Crim.P. 23(a)).

Further, absent a signed writing, it is appropriate to require the trial judge to evaluate, at the time of the stipulation, whether the defendant understands the meaning of the stipulation. Questioning by the trial judge may disclose uncertainty or confusion on the defendant's part. After explanation by the trial judge of the alternatives, a defendant may conclude that he wants to preserve his right to a twelve person jury. We do not intimate that a trial judge must explain to the defendant the strategic ramifications of the decision whether to accept a jury of less than twelve. Rather, his role should be to determine that the defendant knowingly and intelligently consents to the stipulation. In the case before us, for instance, the defendant said he left the decision to his attorney. This statement is credible on its face, but if the defendant had so stated to the trial court when the stipulation was offered, perhaps something in his demeanor or in his statement might have prompted further questioning. The court might have elicited, for example, that a busy defense counsel had persuaded the defendant to accept the truncated jury against the defendant's own better judgment. Both the desire to probe for such matters and the efficacy of the court's intervention are much diminished when the question of the defendant's informed consent is examined long after the fact.

Finally, requiring the defendant's expression of consent to appear at the time the stipulation is made forestalls certain difficulties in evaluating the reliability of subsequent expressions of consent. In this case, for example, the defendant's desire not to antagonize the judge who imposes sentence upon him may cause him to agree that he consented to a less than twelve person jury. This kind of subtle coercion is difficult to detect in an appellate record. Cf. *Hibdon v. United States*, 204 F.2d 834, 839 (6th Cir. 1953).[4]

Although reversal is thus appropriate, we take no great satisfaction in the result. Counsel have the obligation to call all appropriate procedural rules to the attention of the trial judge before offering stipulations such as this one. This case now must be reversed for the failure to comply with a technical requirement that could have been followed with ease if counsel had but read the rule covering the point.

REVERSED.

---

**4.** The timing of the questioning distinguishes this case from *United States v. Smith*, 523 F.2d 788 (5th Cir. 1975), where the post-stipulation evidence tended to show that the defendant had signed the stipulation—and thus complied in full with the rule—at the time it was made.