UNITED STATES of America,
Plaintiff-Appellee,

v.

Amnon SAADYA, Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Marco ABKASIS, Defendant-Appellant.

Nos. 83–5238, 83–5241.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 1984.

Decided Jan. 7, 1985.

Irene P. Ayala, Los Angeles, Cal., for plaintiff-appellee.

Victor Sherman, Janet Sherman, Los Angeles, Cal., for defendant-appellant.

Before NELSON, BOOCHEVER, and REINHARDT, Circuit Judges.

REINHARDT, Circuit Judge:

Following a bench trial, Amnon Saadya and Marco Abkasis were convicted of conspiracy to possess cocaine with intent to distribute and possession of cocaine for distribution in violation of 21 U.S.C. §§ 841(a)(1) and 846 (1982). Saadya was also convicted of unlawfully carrying a firearm during the commission of a felony in violation of 18 U.S.C. § 924(c)(2) (1982). Saadya and Abkasis appeal their convictions on a number of grounds. Some difficult questions were presented on appeal, particularly the question whether the con-

sent to search given by a defendant with a limited understanding of English, in a relatively coercive situation, is truly voluntary. However, we need not address that issue here. Because neither a written waiver of appellants' right to a trial by jury, nor appellants' oral consent to a trial without a jury appears on the record, we are required to reverse and remand.

Federal Rule of Criminal Procedure 23(a) requires that certain conditions be met in order for a defendant to waive his right to a trial by jury. Rule 23(a) provides:

> *Trial by jury.* Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government.

■ A defendant may not effectively waive his right to a jury trial without meeting Rule 23's "in writing" requirement. The only exception is where the record clearly reflects that the defendant "personally gave express consent in open court, intelligently and knowingly." *See United States v. Reyes*, 603 F.2d 69, 71 (9th Cir. 1979) (quoting *United States v. Guerrero-Peralta*, 446 F.2d 876, 877 (9th Cir.1971)) (both cases addressing the requirements of Rule 23(b) under which a defendant may proceed with a jury of less than twelve). In *Guerrero-Peralta*, we determined that the purpose of a writing under Rule 23 is to provide the best evidence of a defendant's express consent. We held that "[e]xpress consent given orally by the defendant personally and appearing on the record may be equally good evidence, but that much, as a minimum, must appear." 446 F.2d at 877; *see also Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969) ("We cannot presume a waiver of these ... important federal rights [including the right to a trial by jury] from a silent record."); *United States v. McCurdy*, 450 F.2d 282, 283 (9th Cir.1971) (defendant's personal consent to waiver of jury trial, given in open court and "spread upon the record," is sufficient in

absence of written waiver); *cf. Carnley v. Cochran*, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962) (waiver of the right to counsel cannot be assumed from a silent record).

■ Here it is undisputed that the record contains neither an oral nor written waiver by the appellants of the right to a jury trial. The government advances three arguments in an effort to avoid reversal. First, it contends that appellants should have raised the failure to waive a jury trial in a motion under 28 U.S.C. § 2255 (1982). We have found no authority for this proposition. The cases cited by the government indicate that a section 2255 motion is appropriate when a defendant seeks to introduce facts that would dispute the validity of a written waiver appearing on the record. *United States v. Goodwin*, 446 F.2d 894, 895 (9th Cir.1971); *United States v. Reyes-Meza De Polanco*, 422 F.2d 1304, 1305 (9th Cir.1970) *cert. denied*, 397 U.S. 1081, 90 S.Ct. 1536, 25 L.Ed.2d 817 (1971). Since the record in this case does not include written waivers, appellants do not seek to present additional facts to contest any such waivers and need not proceed under section 2255.

Despite the constitutional nature of the right to a trial by jury, the government also argues that "any alleged failure to waive a jury-trial" should be viewed as a "technical" violation of Rule 23(a) that does not warrant reversal. The government contends that because Saadya and Abkasis had the assistance of counsel throughout the proceedings and the trial judge was fair and impartial, the failure to afford the appellants a jury was of no significance. The trial judge's fairness and impartiality is no substitute for the constitutional requirement that a trial by jury be provided. While a constitutional guarantee may ordinarily be waived, to argue as the government does here that a "failure to waive constitutes a technicality" is to denigrate the very existence of the constitutional right at issue. If the failure to waive is only a technicality, the constitutional right

can be denied without the defendant's consent. In such case, the right no longer has any meaning. As the Supreme Court noted in *Smith v. United States,* 360 U.S. 1, 9, 79 S.Ct. 991, 996, 3 L.Ed.2d 1041 (1959), "the substantial safeguards to those charged with serious crimes cannot be eradicated under the guise of technical departures from the rules." *Id.* at 9, 79 S.Ct. at 997. We reject the government's attempt to classify the denial of a constitutional right as a "technical" violation.[1]

Finally, the government urges that the case be remanded to the district court for a determination of whether appellants and their former defense counsel reached a decision to waive a jury trial. The government cites no authority for its proposal and we have found none.

The government suggests in its brief that appellants made a "conscious decision ... to forego a jury trial and proceed to trial before the district judge." Assuming *arguendo* that the government's factual assertion is correct, and assuming further that on remand the record was supplemented to reflect that fact, the government still would have failed to establish that the appellants waived their constitutional rights. As we have already said, a defendant's waiver of the right to a trial by jury must appear in writing, or there must be an express waiver by the defendant in open court, and consent of the government and approval of the trial court must be obtained. Since it is evident that, even under the facts suggested by the government, these requirements have not been met, we fail to see what purpose could be served by a remand.

■ We note that not only did appellants fail to make a written waiver or an oral waiver in open court, but the record also fails to reflect the approval of any waiver by the district judge. The granting of such approval is a "serious and weighty responsibility," *Johnson v. Zerbst,* 304 U.S. 458, 465, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938), that requires the exercise of sound discretion by the district judge. As the Supreme Court noted in *Patton v. United States,* 281 U.S. 276, 312–13, 50 S.Ct. 253, 263, 74 L.Ed. 854 (1930), "the duty of the trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from that mode of trial." The government does not contend that the district judge exercised her discretion in this case. For that reason alone, no effective waiver of the right to a jury trial could have occurred.

■ Moreover, it is clear from *United States v. Reyes,* 603 F.2d 69 (9th Cir.1979), that the requirements of Rule 23 cannot be satisfied by a post-trial reconstruction of the record. In *Reyes,* we addressed the issue of a defendant's post-trial consent to a stipulation under Rule 23(b). Although we found that the defendant "probably" did agree to a stipulation to proceed with eleven jurors at the time the twelfth juror was excused, *id.* at 71 n. 3, the defendant's consent to the stipulation did not appear on the record until after his conviction. We held that the defendant's statements at a post-trial proceeding that he had, in fact, agreed to the stipulation at the earlier time were insufficient to satisfy the requirements of Rule 23(b): "[T]he defendant's expression of consent on the record must appear at the time the stipulation is made, and not at some subsequent point ...." *Id.* at 71.

---

1. We note that the record does not contain any indication that the district judge was aware that the normal procedure for obtaining a waiver of the right to a jury trial had not been followed. Rather, it seems more likely that the judge assumed that the defendants had waived their right at an earlier proceeding. Since the issue was raised for the first time on appeal by appellants' new lawyers, the district court was not presented with an opportunity to rule on the arguments that the government has made before us. We have no reason to believe that the district judge would have failed to correct the

Although Rule 23(b) provides for the time when the stipulation for a jury of less than 12 may be made (prior to verdict) and Rule 23(a) does not specifically state when the waiver of the constitutional right to trial by jury is required, we think that the reasoning of *Reyes* is equally applicable to the suggestion made by the government here.[2] A defendant's waiver of his right to jury trial must appear on the record prior to the time the trial commences. The absence of a waiver on the record of the right to trial by jury cannot be remedied by subsequent proceedings on remand.[3]

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

plain error had it been called to her attention by the parties.

2. In *Reyes* we said that a post-trial waiver was not sufficiently reliable and might be based on "subtle coercion [that] is difficult to detect in the appellate record." 603 F.2d at 72. We also said that it was necessary for the waiver to occur on the record at the time the right was surrendered for two related reasons: one, so that the defendant would understand that his waiver was "an important step in the trial," *id.* at 71, and two, so that the judge might question the defendant and evaluate his responses at the time the decision was made. *Id.* at 72.

3. In *United States v. Kimmel,* 672 F.2d 720 (9th Cir.1982), the majority employed a limited remand procedure for the purpose of allowing the district court to supplement the record on the question whether a partial waiver of the right to counsel was made knowingly and intelligently. It is not surprising that the exercise proved futile. *See* 672 F.2d at 732. Ordinarily, when the record does not show that a waiver of counsel was made knowingly and intelligently we reverse the conviction and order a new trial.

*See, e.g., United States v. Crowhurst,* 596 F.2d 389, 391 (9th Cir.1979); *United States v. Aponte,* 591 F.2d 1247, 1250 (9th Cir.1978); *United States v. Gillings,* 568 F.2d 1307, 1309 (9th Cir.), *cert. denied,* 436 U.S. 919, 98 S.Ct. 2267, 56 L.Ed.2d 760 (1978); *United States v. Dujanovic,* 486 F.2d 182, 188 (9th Cir.1973). *Kimmel* constituted a rare exception. Our deviation from our normal practice was explained in *United States v. Harris,* 683 F.2d 322, 326 (9th Cir.1982). In *Harris,* we said that the limited remand procedure is appropriate only in the exceptional case where other records are in existence which might establish that the waiver was valid. *Id.* at 325–26. Here, there is no suggestion that additional relevant records exist. More important, we are not concerned, as we were in *Kimmel,* with the limited question whether a waiver appearing on the record was knowing and intelligent. Here, there was no waiver on the record at all. We do not think it consistent with the Constitution or existing case law to extend *Kimmel* beyond the circumstances described in *Harris.*