598 A.2d 789

**Charles Leon THOMAS**

v.

**STATE of Maryland.**

**No. 44, Sept. Term, 1991.**

Court of Special Appeals of Maryland.

Dec. 2, 1991.

Michael R. Braudes, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Richard B. Rosenblatt, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Andrew L. Sonner, State's Atty. for Montgomery County, Rockville, on the brief), for appellee.

SUBMITTED Before BISHOP, WENNER, and CATHELL, JJ.

CATHELL, Judge.

Charles Leon Thomas, appellant, was convicted by a jury in the Circuit Court for Montgomery County of first degree

murder. He was subsequently sentenced to life with all but 30 years suspended. Appellant presents a number of issues on appeal. We address only the issue of whether the trial court judge failed to afford the appellant an adequate opportunity to elect between a jury trial and a bench trial. We hold that the trial court did not afford appellant an opportunity to waive his right to a jury trial and thus to assert his right to a court trial. This failure deprived appellant of his right to choose a court trial. We shall therefore reverse.

## The Law

■ There is, in Maryland, a long standing common law right to choose between a trial by jury and a trial by the court. *See Martinez v. State*, 309 Md. 124, 522 A.2d 950 (1987); *State v. Zimmerman*, 261 Md. 11, 273 A.2d 156 (1971); *Rose v. State*, 177 Md. 577, 10 A.2d 617 (1940); *Epps v. State*, 52 Md.App. 308, 450 A.2d 913, *cert. denied*, 294 Md. 633 (1982); *Gilbert v. State*, 36 Md.App. 196, 373 A.2d 311 *cert. denied*, 281 Md. 737 (1977); *Williamson v. State*, 25 Md.App. 338, 333 A.2d 653 (1974). Judge Moylan stated in *Gilbert, supra*, that, "[i]n this State, however, we elect between equal trial modes. We do not waive a favored trial mode (trial by jury) in favor of an inferior or unfavored mode (trial by court). We elect between equally attractive and equally venerable modes of trial." *Gilbert*, 36 Md.App. at 210, 373 A.2d 311; *Zimmerman*, 261 Md. 11, 273 A.2d 156. This Court stated in *Epps, supra*, that "there is no legal difference between jury trial and bench trial." 52 Md.App. at 313, 450 A.2d 913. We further declared that the choice between a jury trial and a bench trial is a "choice of equals." *Id.* at 313 n. 5, 450 A.2d 913.

Appellee argues, correctly, that the cases concerning choice have been based on the "choice of equals" language which "emanated" in *Rose*. The Court of Appeals in *Rose*, based solely on long-established practices and history, opined that the choice of a jury or court trial was the election of "an equally normal method." The Court in

*Grammer v. State,* 203 Md. 200, 213, 100 A.2d 257 (1953), *cert. denied,* 347 U.S. 938, 74 S.Ct. 634, 98 L.Ed. 1088 (1954), relied on *Rose* and its historical perspective in holding that the election was a choice of equals. The Court in *Zimmerman, supra,* while pointing out the differences in the language of the United States and the Maryland Constitutions,[1] relied again on the historical practices and, by inference, recognized a right to choose a court trial. In *State v. Hutchinson,* 260 Md. 227, 235–36, 271 A.2d 641 (1970), the Court commented that "[t]he origins of the right of an accused to elect to be tried by the court in this State are somewhat misty" before noting it had previously emphasized antiquity as well as the importance of non-jury trials to stress the role they serve in the "administration of justice." See also *Byrd v. Warden of Maryland Penitentiary,* 210 Md. 662, 663, 124 A.2d 284, *cert. denied, sub nom. Byrd v. Pepersack, Warden, Maryland State Penitentiary,* 357 U.S. 932, 77 S.Ct. 236, 1 L.Ed.2d 167 (1956), where the Court said: "[T]rial by the court . . . including capital cases, is a normal and customary procedure . . . and . . . legal." It would appear that the Maryland cases have, in the last half century, stressed the historical and customary practices in upholding the right to choose a court trial.

The appellee in the case at bar argues that the concept of an "election," as discussed in *Rose,* 177 Md. at 581, 10 A.2d 617, and in *Gilbert,* 36 Md.App. at 210, 373 A.2d 311, as opposed to a "waiver" was undermined by the adoption of Maryland Rule 735 in 1977 (now Rule 4–246). Appellee asserts, and the cases support its position, that an election of a court trial may not be had unless a defendant first waives his right to a jury trial. We shall not address the degree to which the holdings of the cases mentioned may have been undermined by the rule. Because the defendant was denied the right implied by the rule to waive his

---

1. No reference was made to Section 8 of article IV of the Maryland Constitution.

right to a jury trial and elect a court trial, we shall reverse. We explain.

The trial judge questioned the appellant and counsel as follows:

THE COURT: ... Now, would we stick to the jury trial issue. You have recommended to your client that he waive his right to a jury trial?

MR. BOURS: I have.

THE COURT: And proceed on a Bench trial?

MR. BOURS: I have.

THE COURT: Has he indicated to you what his desire is with respect to that issue?

MR. BOURS: He has told me to do whatever I think is best on every issue.

THE COURT: All right. Mr. Thomas, would you stand up, please. What is your name?

THE DEFENDANT: Charles Leon Thomas.

THE COURT: How old are you?

THE DEFENDANT: I don't know right off.

THE COURT: All right. I will take a short recess and give you an opportunity or give you some time to talk to your lawyer about the kind of trial that you will have and then I will come back on the Bench and ask you some questions.

\* \* \* \* \* \*

(Whereupon, a Bench Conference follows.)

MR. BOURS: I just wanted to put on the record that approximately a week ago, in fact on Thursday of last week, I did have a meeting with the Defendant at the detention center at which I discussed the status of his case and the issue of jury versus Court trial....

\* \* \* \* \* \*

MR. BOURS: Okay. Well, I just want to say that I wasn't satisfied then that he truly understood the significance of a Judge versus jury trial, but I am reasonably

satisfied that he wants to leave decisions up to me. That is as far as I can go.

THE COURT: Then that resolves it. The rule says that in the Circuit Court, a Defendant having a right to a trial by jury shall be tried by jury unless the right is waived pursuant to section B. And given your experience, then perhaps—and given his response that he doesn't know his age right now, that you are not satisfied that he fully understands it—perhaps that should resolve the inquiry and in accordance with the rule, he shall be tried by a jury.

MR. BOURS: Well, that may be—I recognize and I have recognized for some time that that may be the problem. That creates another problem for me because I strongly feel he shouldn't have a jury trial in this kind of case. I think it is strongly against his interests to have a jury trial in the type of case we are presented with here.

\* \* \* \* \* \*

MR. BOURS: ... But, I will say to the Court—I am not sure the Court wants to do a meaningful inquiry. I think if you ask him questions about what is a jury or what is a Judge trial or open ended questions, it will be more likely to reveal his true abilities.

THE COURT: Thank you, sir.

MR. BOURS: I still strongly want him to have a Court trial as being in my view the fairest type of trial he could receive under the facts of this case.

THE COURT: Thank you, sir.

\* \* \* \* \* \*

(Whereupon, the Bench Conference was concluded.)

THE COURT: Mr. Thomas, do you know what a jury trial is?

THE DEFENDANT: Not right off.

THE COURT: Okay. Thank you, sir. Have a seat. I indicated at the Bench Conference, Maryland rule procedure 4246A [sic] says in the Circuit Court a Defendant having a right to trial by jury shall be tried by a jury

unless the right is waived pursuant to Section B of this rule. If the waiver is accepted by the Court, the State may not elect a trial by jury.

I don't think that an inquiry by the Court would be fruitful and given the language of the rule, the Court finds that the Defendant shall be tried by a jury in accordance with the rule and his request for a jury trial unconstitutional.[2]

Later in the proceedings, but before jury selection began, appellant's counsel again appealed to the court, saying:

MR. BOURS: Your Honor, I have done literally nothing in preparation for a jury trial on the issues of this case because of my anticipation it would be a Court trial.... I have not prepared any voir dire or Jury instructions ... because of my belief this would be a Court trial.

\* \* \* \* \* \*

MR. BOURS: ... We are not ready to proceed with this trial especially before a jury and especially on the issue of sanity which in my judgment is an unpopular one with juries.

Maryland Rule 4–246, in pertinent part, provides:

(a) **Generally.**—In the circuit court a defendant having a right to trial by jury shall be tried by a jury unless the right is waived pursuant to section (b) of this Rule. If the waiver is accepted by the Court, the State may not elect a trial by jury.

(b) **Procedure for Acceptance of Waiver.**—A defendant may waive the right to a trial by jury at any time before the commencement of trial. The court may not

---

**2.** We have reviewed the record, with particular emphasis on docket entries and trial transcripts, and have been unable to find where the defendant directly made a request for a jury trial. Defendant's initial appearance in the District Court does not indicate he prayed for a jury trial at that time. On March 29, 1988, when Mr. Reginald W. Bours, III, entered his appearance, no request for a jury trial was made. The closest defendant came to selecting his mode of trial was when his attorney expressed a desire for a court trial.

accept the waiver until it determines, *after an examination of the defendant* on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, that the waiver is made knowingly and voluntarily. [Emphasis added.]

Rule 4–246(a) creates a requirement that a case be tried by a jury in the absence of a waiver by the defendant. The rule clearly contemplates that the defendant who expresses a desire to be tried by the court be afforded an opportunity to waive his right to a jury trial. That opportunity is afforded when the nature of a jury trial is explained to him along with some explanation of the nature of a court trial and/or the distinction between the two modes of trial. The rule necessitates some explanation of the respective rights. In the case *sub judice,* appellant's counsel informed the court that he wanted a court trial for appellant. Rather than explain to the defendant the ramifications of a court trial vis-a-vis a jury trial, the trial court completely failed to explain to the defendant his panoply of rights. Because the trial court failed to furnish that explanation and to make any meaningful inquiry of defendant as to his ability to understand his rights, the appellant was denied the opportunity of choice afforded in this State.

Trial court judges have the responsibility of informing a defendant of his/her rights and ensuring that the defendant's choice is both knowingly and voluntarily made. The need for the accused to understand the right is crucial. The practice used by the trial judge in the case at bar merely determined what the defendant knew when he came to trial. The standard method used to assess a defendant's capacity to comprehend a right is to explain sufficiently the right and then to inquire whether the defendant is cognizant of it, rather than, as in this case, establish initially that he does not understand and then fail to explain it. A clarification of the significance of a trial by jury and a trial by the court was particularly needed because appellant's attorney had expressed a desire that the case be tried by

the court and, when questioned, the appellant answered "Not right off" to the question "Do you know what a jury trial is"? In the absence of any explanation, the appellant was unable to make a knowledgeable decision.

Furthermore, appellant was summarily denied even the right to make the decision. This Court in *Bell v. State*, 66 Md.App. 294, 300, 503 A.2d 1351 (1986), stated that, "[l]ike Rule 735, 4–246 contemplates *an election by the defendant, an inquiry of the defendant,* and knowledge necessary for an effective waiver." (Emphasis added.) Rule 4–246 further contemplates that, when the defense indicates a desire for a court trial, the trial judge will ask the defendant which mode of trial is preferred and if the defendant does not understand either mode, explain the differences.

Although Maryland courts have not directly interpreted Rule 4–246's applicability to a bench trial, other jurisdictions have interpreted analogous provisions. The Iowa Supreme Court interpreted a similar Iowa statute [3] as creating a unilateral right to waive trial by jury and obtain a non-jury trial. The trial court, in *State v. Henderson*, 287 N.W.2d 583, 585 (Iowa 1980), found that it had the authority to require the case be tried by jury even after the defendant had waived the right. The appellate court, reversing, stated: "[I]t is difficult to understand how the use of the word 'unless' could mean anything other than that if a jury is waived the alternative mode of trial must be used." *Henderson*, 287 N.W.2d at 586. Like the Iowa statute, Maryland Rule 4–246 contains language that requires a jury trial "unless the right is waived." In the case at bar, the appellant did not have the opportunity to choose between a jury trial and a bench trial because the court, without any explanation of the modes of trial, determined that it had the unilateral authority to require that the appellant be tried by a jury.

---

**3.** Iowa Rule 16(1) provides: "Trial by court allowed. Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in a recorded proceeding in open court."

██ We hold that when a defendant or his counsel informs the court that the defendant desires to be tried by the court, a court may not deny the defendant his right to select a court trial unless, *after a sufficient inquiry* of the defendant, the trial court finds that he, because of his inability to understand, lacks the knowledge necessary to make that selection. Because of the trial court's perfunctory decision, the appellant was deprived of his right to choose a bench trial.[4]

JUDGMENT REVERSED; CASE REMANDED FOR NEW TRIAL; COSTS TO BE PAID BY MONTGOMERY COUNTY.

---

**4.** Appellant also asserts that given the recent finding of his competency to stand trial, the trial court could not properly assume that he would be incapable of making a decision as to mode of trial. Because of our decision, we do not further address this contention other than to note that the Court of Appeals has held that a finding of competency to stand trial does not *automatically* result in a conclusion that an accused is also competent to waive substantial rights, such as the right to plead not guilty, *the right to a jury trial,* and the right to assistance of counsel. *Mann v. State's Attorney,* 298 Md. 160, 468 A.2d 124 (1983). *See also Westbrook v. Arizona,* 384 U.S. 150, 86 S.Ct. 1320, 16 L.Ed.2d 429 (1966); *Massey v. Moore,* 348 U.S. 105, 75 S.Ct. 145, 99 L.Ed. 135 (1954).