981 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph HOAPILI, Jr.; Dianne Hoapili; Raymond Kamaka,
Defendants-Appellants.
 Nos. 91-10448 to 91-10450.
 nited States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1992.
Decided Dec. 17, 1992.
 
 Before JAMES R. BROWNING, WILLIAM A. NORRIS and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Joseph Hoapili, Dianne Hoapili and Raymond Kamaka appeal their convictions for conspiracy, false statements, mail fraud, and false claims. We affirm the convictions of Joseph Hoapili and Raymond Kamaka. Because the record raises a good faith doubt as to Dianne Hoapili's competency to waive counsel, we reverse her conviction and remand for a new trial.
 
 BACKGROUND
 
 3
 The Hoapilis and Raymond Kamaka engaged in separate schemes to send false income reports to the IRS, individuals, and institutions. The false reports were designed both to retaliate against the recipients and to support fraudulent tax refund claims.
 
 
 4
 At trial, after initially refusing to be represented by counsel, Kamaka, Joseph Hoapili, and two other co-defendants accepted court-appointed counsel. Dianne Hoapili, on the other hand, was unrepresented throughout trial. The defendants were each convicted of fifteen counts and sentenced to 24 months (Kamaka and Joseph Hoapili) and 46 months (Dianne Hoapili) imprisonment. Dianne Hoapili accepted appointed counsel for her appeal before this court.
 
 DISCUSSION
 
 5
 I. Disqualification of the United States Attorney's Office
 
 
 6
 Appellants contend that the U.S. Attorney's Office should have been disqualified because members of the office testified at trial, and because the office was simultaneously pursuing a civil condemnation action against land owned by Raymond Kamaka.
 
 
 7
 Testimony of the members of the U.S. Attorney's Office who received false income reports from appellants was essential to establish that the recipients had not actually received the compensation stated on the forms. United States v. Tamura, 694 F.2d 591, 601 (9th Cir.1982) (trial testimony by federal prosecutors may be appropriate where there is a compelling need). Further, although members of the office testified, the prosecution was handled by an assistant who did not receive any of the false IRS forms. Under these circumstances, we hold that testimony by members of a U.S. Attorneys Office does not disqualify the entire office. See, e.g., United States v. Caggiano, 660 F.2d 184, 191 (6th Cir.1981), cert. denied 454 U.S. 1149 (1982).
 
 
 8
 Pursuit of the civil condemnation action at the same time as the criminal prosecution is not objectionable absent a showing of prosecutorial misconduct. The attorney who prosecuted the case was not involved in the civil proceedings with Kamaka. There is no appearance of impropriety when the U.S. Attorneys Office pursues a civil action at the same time as a criminal prosecution.
 
 
 9
 Appellants also argue that the district court improperly denied their request for an evidentiary hearing on the disqualification of the U.S. Attorney's Office. The record was adequately developed for the district court to rule on the defendant's motion to disqualify.
 
 
 10
 II. Dianne Hoapili's Waiver of the Right to Counsel
 
 
 11
 Dianne Hoapili contends that the district court erred in not determining if she was capable of waiving her right to counsel. The trial court has a duty to "initiate a hearing on the defendant's competence to waive counsel whenever it has or should have a good faith doubt about a defendant's ability to understand the nature and consequences of the waiver, or to participate intelligently in the proceedings and make a reasoned choice among the alternatives presented." Harding v. Lewis, 834 F.2d 853, 856 (9th Cir.1987) (emphasis added), cert. denied, 488 U.S. 871 (1988). When a waiver is not adequately established on the record, we remand for a new trial. United States v. Dujanovic, 486 F.2d 182, 188 n. 2 (9th Cir.1973), United States v. Saadya, 750 F.2d 1419, 1422 n. 3 (9th Cir.1988).
 
 
 12
 In Hernandez v. Ylst, we identified some of the factors that serve to raise questions regarding a defendant's competency--an extended period of odd behavior, a defendant's unwillingness to provide for his own defense, repeated uncooperative conduct toward the proceedings, and irrational beliefs. 930 F.2d 714, 717-718 (9th Cir.1991) ( citing United States v. Auen, 846 F.2d 872, 878 (2d Cir.1988)).[1]
 
 
 13
 Here, the record provides numerous indications that Dianne Hoapili may not have been competent to waive her right to counsel. Her comments during the proceedings were bizarre, and demonstrated a limited grasp of reality. She consistently claimed "sovereignty" throughout the trial. While her claims of sovereignty could have been "political" in nature, her co-defendants, who made similar assertions, all accepted counsel when they understood the implications of proceeding without counsel. Her rationale for not accepting counsel was that she was "represented by the spirit, of the spirit of my ancestors before me who are sovereigns and indigenous to this land." Given the opportunity to make an opening statement, she noted: "With me also is the sovereign chief justice of the Supreme Court of the sovereign Kingdom of Hawaii, Kanaloa O Pa'au Pau. I can say no more." Counsel for Joseph Hoapili specifically raised to the court his concern that Dianne Hoapili did not "understand the implications or ramifications of proceeding on her own."[2] On the fifth day of trial, Dianne Hoapili did not appear before the court. Her minister, with whom she stayed that night, attributed her failure to "stress" and an "emotional outbreak." Finally, the district court itself indicated that it had some question about Dianne Hoapili's mental state by ordering that she "participate in a mental health program at the discretion of the United States Probation Office" upon her release from prison.[3]
 
 
 14
 The record provides a substantial basis for a good faith doubt about Dianne Hoapili's competency. The district court held no competency hearing and made no specific finding of competency. The record is insufficient to support the conclusion that Dianne Hoapili was competent to waive counsel.[4] We therefore reverse, and remand for a new trial.
 
 
 15
 III. Prejudice to Codefendants from Dianne Hoapili's Self-Representation
 
 
 16
 Raymond Kamaka and Joseph Hoapili argue that the court's failure to appoint counsel for Dianne Hoapili deprived them of their right to a fair trial. The basis of this contention is unclear, but we interpret their claim as one of conflict-of-interest. To establish a conflict of interest, a defendant must show both that an actual conflict of interest existed, and that the conflict adversely affected the lawyer's performance. Cuyler v. Sullivan, 446 U.S. 335, 348 (1980). On one occasion the court asked Joseph Hoapili's counsel to give Dianne Hoapili advice on an evidentiary matter during a recess. The court, however, made clear that Joseph Hoapili's counsel should not act in any way adverse to the interests of his client. There is no evidence that Dianne Hoapili's lack of counsel affected Raymond Kamaka or Joseph Hoapili.
 
 
 17
 AFFIRMED as to Joseph Hoapili and Raymond Kamaka; REVERSED AND REMANDED as to Dianne Hoapili.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 While Hernandez and Auen address competency to stand trial, the court applies a higher legal standard to the determination of a defendant's competency to waive her right to counsel than to the determination of a defendant's competency to stand trial. Moran v. Godinez, No. 91-15609, slip op. at 9135 (9th Cir.1992). Thus, Hernandez and Auen provide useful markers with which to measure competency even in this somewhat different context
 
 
 [2]
 The views of counsel are not dispositive, but whether or not counsel raise questions about a defendant's competency "tells a great deal about the validity" of such a claim. See United States v. Richardson, 586 F.2d 661, 667 (9th Cir.1978)
 
 
 [3]
 The fact that the court found psychiatric rehabilitation desirable is not sufficient alone to raise a good faith doubt, see Sailer v. Gunn, 548 F.2d 271, 275 (9th Cir.1977), but it provides an additional reason for doubt in the context of the other factors described above
 
 
 [4]
 The government argues primarily that the sophistication of the underlying criminal scheme demonstrates competency. We reject this argument for two reasons: 1) at the time the competency determination was required, Dianne Hoapili still enjoyed the constitutional presumption of innocence, so her alleged involvement in a sophisticated scheme could not be considered by the trial court; and 2) competency at an earlier point in time proves little regarding competency at a later point