704 A.2d 478

**John William VALITON**

v.

**STATE of Maryland.**

**No. 596, Sept. Term, 1997.**

Court of Special Appeals of Maryland.

Jan. 12, 1998.

Gina M. Serra, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for Appellant.

Mark D. McCurdy, Asst. Atty. Gen, Annapolis (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Lawrence V. Kelley, State's Atty. for Allegany County, Cumberland, on the brief), for Appellee.

Submitted before HARRELL and HOLLANDER, JJ., and JAMES S. GETTY, Judge (retired), Specially Assigned.

HOLLANDER, Judge.

Appellant, John William Valiton, was convicted by the Circuit Court for Allegany County, sitting without a jury, of escape. He was sentenced to two years incarceration. Appellant has noted a timely appeal [1] and presents a single question for our review, which we have rephrased slightly:

---

1. This is appellant's second appeal to this Court arising out of the escape charge. In an opinion dated April 12, 1996, a panel of this Court affirmed the denial of appellant's motion to dismiss the escape charge. Appellant had argued that his confinement in isolation after a disciplinary hearing charging him with several institutional violations,

Did the jury trial waiver, which was conducted after the close of the State's case, comply with the requirements of Maryland Rule 4–246?

Under the circumstances of this case, we conclude that the question is not preserved for our review.

## FACTUAL SUMMARY [2]

Trial commenced on October 22, 1996. It is undisputed that, prior to the start of trial, no inquiry was made of appellant regarding the waiver of his right to a jury trial. The case proceeded with the presentation of evidence.

According to the testimony, on October 3, 1994, appellant was incarcerated at the Allegany County Detention Center. At trial, Officer J.R. Crabtree, who was the director of the Detention Center's work release program, testified that appellant was involved in work release during his incarceration, and "was allowed to leave the jail in the mornings and go to his employment and return in the evenings after work." Officer Crabtree further explained that under the terms of work release, appellant was to "report directly to work and upon completion of work report directly back to the Detention Center...." On October 3, 1994, appellant was released at 3:45 a.m. to report to his job and was to return to the Detention Center at 7:15 p.m.

According to Officer Crabtree, at approximately 7:00 p.m. on October 3, 1994, appellant called the Detention Center and stated that he was having automobile problems, but that he would return by about 10:00 p.m. Appellant did not return at 10:00 p.m. and, at 1:00 a.m. on October 4, he again telephoned the Detention Center, stating that his vehicle was

including escape, barred the escape prosecution on double jeopardy grounds. We disagreed. *Valiton v. State,* 109 Md.App. 734 (1996) (per curiam). The case was then remanded for trial.

**2.** The facts regarding the merits of the escape charge are not relevant to the issue before us. For completeness, however, we shall summarize the evidence adduced at trial.

fixed and he was on his way back. Appellant did not return, however.

Officer Crabtree later learned that appellant was in the hospital in Johnstown, Pennsylvania. At approximately 8:30 a.m., the officer telephoned appellant at the hospital. Appellant stated that he had hurt his back and that he was in the process of being released. Officer Crabtree told appellant that he was to return directly to the Detention Center, and "that he had two hours to get back." Again, appellant failed to return to the Detention Center. On October 29, 1994, appellant was extradited from Tennessee.

Appellant was charged with an escape occurring on October 3, 1994. Based on the testimony of Officer Crabtree, however, the State sought to amend the charges to include October 4, 1994. The prosecutor said: "[T]he escape took place the 3rd and/or the 4th depending on the nature.... I think that the technical violation is on the 3rd and there may have been some issue generated as to the 4th so we've amended the dates to be inclusive." The court then permitted the State, over vigorous defense objection, to amend the dates on the escape charges to include October 3 *and* 4, 1994, rather than only October 3, 1994. The State then rested, and the court denied appellant's motion for judgment.

After the close of the State's case, and following the discussion of several other matters, the trial court realized that an inquiry into appellant's waiver of a jury trial had not been conducted. The following comment by the court is relevant:

> [W]hile we're on this review, you've mentioned and, obviously, we are conducting a court trial. With everyone's knowledge and approval I don't see in the docket entry, though, where there was ever a waiver noted of the right to jury trial. I think at this juncture you can tell me otherwise, but if that hasn't occurred, in terms of any other business, that needs to be completed. So, [DEFENSE COUNSEL], perhaps I'm wrong, but have you filed a written waiver of the jury trial right or has there been a prior proceeding in front of me or Judge Sharer when that was taken[?]

Defense counsel thereafter confirmed that a waiver of appellant's right to a jury trial had not been conducted. Accordingly, the court asked counsel to conduct an inquiry with respect to appellant's desire to waive a jury trial. No objection was lodged to the timing of the jury trial waiver. The following colloquy is pertinent

[DEFENSE COUNSEL]: Mr. Valiton, I've talked to you at some length about the options of a court trial as opposed to a jury trial and at a jury trial I explained to you that you and I would help select the jurors who are picked from the voter rolls here in Allegany County. And I went over with you some of the strategy and options that were available in either a court trial or a jury trial and did I to the best of your knowledge explain the options available to you.

MR. VALITON: Yes.

[DEFENSE COUNSEL]: And it's my understanding, since you relied somewhat on my view of the proceedings, that in light of my statements to you that you have elected to choose, you chose to be tried by the Court, is that correct?

MR. VALITON: That's correct.

[DEFENSE COUNSEL]: And that it basically I told you what the options were and suggested that this was a decision you had to make, is that correct?

MR. VALITON: Correct.

[DEFENSE COUNSEL]: And have you made this decision voluntarily of your own free will to forego a jury trial and be tried by His Honor, Judge Leasure?

MR. VALITON: I have.

THE COURT: All right, gentlemen, thank you very much. Just to follow that up, and perhaps you noted it, but let me do it. Mr. Valiton, jury trial, of course, meaning twelve persons selected at random from Allegany County. The jury has to conclude unanimously guilty beyond a reasonable doubt before anyone can be convicted. That is the further right of jury trial. You understand that through [DEFENSE COUNSEL], is that correct, sir?

MR. VALITON: Yes.

THE COURT: All right. Thank you, you may be seated, gentlemen. Then the Clerk will note that selection at this point in time of the Court trial.

At the end of the State's case, in response to the defense claim of "unfair surprise" with respect to the amendment, and because of the possible impact of the State's amendment on appellant's strategy, the court decided to grant a continuance of the trial. The trial resumed 28 days later, on November 19, 1996, with the presentation of the defense case. During this interim period, appellant did not assert any objection to the delay in the jury waiver proceedings.

In the defense case, Constance Valiton, appellant's mother, testified that she resided in Pennsylvania and that appellant had called her from the hospital to come pick him up. According to Ms. Valiton, she gave appellant a ride to her house as "he was under sedation" and "definitely" unable to drive. Once at the house, appellant went to sleep for several hours.

Appellant testified in his own defense. He stated that the truck he was driving for the construction company that employed him had broken down and he did not get back to the company garage until midnight. He then showered, changed, and began the drive back to the Detention Center in his car. During the drive, he got a flat tire. While he was attempting to change the tire, appellant claimed that he hurt his back and was in "extreme pain." Eventually, a passer-by changed the tire for appellant and helped him into his car. He then drove to the hospital where he was treated for a back injury and given a shot of Demerol.

Appellant contacted his mother and asked her to call the Detention Center for him to report that he was in the hospital. Appellant added that he spoke with Officer Crabtree when Crabtree called the hospital. Valiton testified that he could not recall much of the conversation, as he had been awake for thirty hours and had been given injections of Demerol and Vistaril. He admitted, however, that the officer had given him a time frame in which to return to the Detention Center.

Appellant also asked his mother to pick him up at the hospital, which she did. On the drive home, appellant slept and his mother stopped to have his prescriptions filled for Flexeril and Antiprox. Appellant took those medications and, when they arrived at his mother's residence, appellant fell back to sleep. When he woke at approximately 1:00 p.m., he knew that he was late returning to the Detention Center. He called his attorney and learned that he had already been charged with escape. Appellant then decided to travel to Tennessee to visit his sister before returning to the Detention Center.

We will include additional facts in our discussion.

## DISCUSSION

Appellant claims that Maryland Rule 4–246, which governs the jury trial waiver, requires an on-the-record colloquy *before* the commencement of trial. Thus, he asserts that the belated jury trial waiver did not satisfy the requirements of the rule, and he therefore urges that he is entitled to a new trial. Appellant further claims that the failure to conduct the inquiry before the start of trial cannot be considered harmless error.

The State counters that appellant never objected to the delay in the jury trial waiver and thus argues that the issue is not preserved. Further, the State argues that the belated jury waiver inquiry did not render appellant's waiver unreliable, involuntary, or invalid. Moreover, the State asserts that appellant "seeks refuge in a formalistic interpretation of the Maryland Rule where substance is overcome by timing." The State also points out that, regardless of the timing of the waiver inquiry, appellant acknowledged that he had actually decided to waive his jury trial right *before* trial. In addition, the State notes that appellant was represented by counsel and the waiver colloquy took place before the defendant was required to put on any evidence. The State also claims that there was no implied coercion inherent in the waiver, comparable to that which voids post-trial waivers, because when the waiver inquiry occurred the defense case had yet to be pre-

sented, sentencing was not imminent, and a finding of guilt was not readily apparent.

It is well settled that Maryland Rule 4–246 eschews a ritualistic approach to the jury trial waiver inquiry. *See Tibbs v. State,* 323 Md. 28, 31, 590 A.2d 550 (1991). Yet the rule does expressly require that the waiver inquiry occur prior to the commencement of trial. The rule provides:

**RULE 4–246. WAIVER OF JURY TRIAL—CIRCUIT COURT**

(a) **Generally.**—In the circuit court a defendant having a right to trial by jury shall be tried by a jury unless the right is waived pursuant to section (b) of this Rule. If the waiver is accepted by the court, the State may not elect a trial by jury.

(b) **Procedure for Acceptance of Waiver.**—A defendant may waive the right to a trial by jury *at any time before the commencement of trial.* The court may not accept the waiver until it determines, after an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, that the waiver is made knowingly and voluntarily.

(Emphasis added).

To be sure, the waiver inquiry here was not conducted before trial, as required by the rule. Nevertheless, under the unusual circumstances of this case, we conclude that appellant has waived his right to complain. We explain.

Valiton relies on *Martinez v. State,* 309 Md. 124, 522 A.2d 950 (1987), to support his claim that he is entitled to a new trial because of the court's failure to comply with the timing requirement of Rule 4–246. His reliance on *Martinez* is misplaced. Unlike in this case, the waiver inquiry in *Martinez* was timely conducted and the appellant did not complain that the waiver colloquy occurred at a time not prescribed by the rule. Rather, the appellant in *Martinez* argued that his waiver was not voluntary, and the Court of Appeals was concerned with the ultimate reliability of the jury trial waiver.

In *Martinez*, a hearing was held, prior to trial, to determine if the defendant wanted to waive his right to a jury trial, in accordance with Rule 4–246. During the hearing, the trial court inquired if anyone had coerced Martinez into relinquishing his right to a jury trial, and Martinez responded, "Yes." Nonetheless, the court accepted Martinez's waiver of a jury trial and subsequently found him guilty of a third degree sex offense and false imprisonment. Martinez appealed to this Court, alleging that he had not voluntarily waived his right to a jury trial. Although we recognized that Martinez's response may have been made as a result of a language barrier, we could not conclude that the waiver was voluntary. Thus, we ordered a remand so that Martinez's responses could be clarified. The Court of Appeals determined, however, that the remand was improper, because retroactive clarification could not satisfy Rule 4–246. Instead, the Court said that a new trial is required if the record does not reflect a knowing and voluntary waiver of a jury trial. *Id.* at 136, 522 A.2d 950. The Court also stated:

Rule 4–246 requires that the defendant's waiver be on the record *before* the trial commences. *See United States v. Saadya*, 750 F.2d 1419, 1422 (9th Cir.1985). In *Saadya*, the United States Court of Appeals for the Ninth Circuit concluded that "the absence of a waiver on the record of the right to trial by jury cannot be remedied by subsequent proceedings on remand." *Id.* In a footnote, the court elaborated:

"In [*United States v.*] *Reyes*, [603 F.2d 69 (9th Cir. 1979) ] we said that a post-trial waiver was not sufficiently reliable and might be based on 'subtle coercion [that] is difficult to detect in the appellate record.' 603 F.2d at 72. We also said that it was necessary for the waiver to occur on the record at the time the right was surrendered for two related reasons: one, so that the defendant would understand that his waiver was 'an important step in the trial,' *id.* at 71, and, two, so that the judge might question the defendant and evaluate his responses at the time the decision was made. *Id.* at 72."

*Id.* at 1422 n. 2.

*Martinez,* 309 Md. at 135–36, 522 A.2d 950 (emphasis in *Martinez* ).

Notwithstanding the *Martinez* Court's reference to the timing of the waiver inquiry, it is apparent that the Court focused on the validity of the waiver, and determined only that jury trial waivers are not reliable when conducted post-trial. At that stage of the proceedings, shortly before sentencing, it noted that a defendant may feel inhibited from asserting that the waiver was involuntary or he may proceed, hoping to be rewarded by agreeing to the waiver. The Court reasoned:

> For a waiver to be valid, the court must be satisfied that the defendant's election was made knowledgeably and voluntarily. In the words of the Supreme Court, the trial judge must be satisfied that there has been "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938).
>
> In determining whether the defendant has knowingly and voluntarily waived his right to a jury trial, the questioner need not recite any fixed incantation. Whether there is an intelligent, competent waiver must depend on the unique facts and circumstances of each case. However, the court must be concerned that the waiver is not a product of duress or coercion. Furthermore, a defendant must have some knowledge of the jury trial right before he is allowed to waive it.

*Id.* at 133–34, 522 A.2d 950 (some citations omitted). *See also Thomas v. State,* 89 Md.App. 439, 446, 598 A.2d 789 (1991) (stating that Rule 4–246 requires advisement as to "the nature of a jury trial [and] some explanation of the nature of a court trial and/or the distinction between the two modes of trial").

It is noteworthy that the waiver examination in the case *sub judice* was conducted at the close of the State's case-in-chief, and not at the conclusion of trial. Therefore, this case does not present the precise concerns that are evident in a post-trial waiver situation. *See United States v. Saadya,* 750 F.2d

1419, 1421 (9th Cir.1985); *United States v. Reyes,* 603 F.2d 69, 71 (9th Cir.1979).

Further, in contrast to *Martinez,* we are not concerned here with the content or adequacy of Valiton's waiver. *See also Bell v. State,* 118 Md.App. 64, 701 A.2d 1183 (1997) (stating that the knowing and voluntary waiver standard in Rule 4–246 compels advisement of the unanimity requirement). Indeed, appellant does not suggest that his waiver was involuntary or unknowing. To the contrary, the record reflects that appellant was fully informed as to the nature of a jury trial, including the unanimity requirement.

What is most significant to us is the fact that appellant never voiced any complaint to the delayed waiver inquiry. When the court first realized at the end of the State's case that no waiver inquiry had occurred, appellant's counsel did not object. Yet the record is devoid of any suggestion of the slightest coercion or pressure upon appellant or counsel to avoid "rocking the boat" at that time. Indeed, given the defense attorney's earlier frustration with the court's decision to permit the State to amend the charges, and defense counsel's persistence in objecting to that amendment, it would seem that appellant would have raised the improper timing of the jury trial waiver if it mattered or if he had any complaint about it. Instead, appellant's counsel undertook the waiver colloquy without any quarrel.

Perhaps appellant's failure to object immediately, standing alone, would not convince us that appellant waived his right to assert a challenge on appeal with respect to the untimeliness of the jury trial waiver inquiry. We need not reach that issue, however. In this case, a lengthy continuance of the trial followed the jury trial waiver inquiry. During the four-week hiatus, appellant did not lodge any objection or complaint to the court concerning the jury trial waiver. Even if appellant was initially unaware of the content of Rule 4–246, or later had second thoughts, or felt intimidated or pressured while he was in court, he certainly could have raised the matter during the intervening four weeks that preceded the presentation of the

**150**

defense case. Instead, appellant failed to challenge the timing or validity of the jury trial waiver. It is appellant's silence during the four week continuance that most distinguishes this case from *Martinez*.

In our view, the right to complain about compliance with the timing of the waiver inquiry, under the circumstance presented here, resulted in a waiver of appellant's contention. The focus of the rule is, after all, on a knowing and voluntary waiver. We do not see how the failure to tell appellant that the court did not comply with the timing of Rule 4–246 affects these two elements, which are at the heart of the rule. Based on the facts of this case, we are satisfied that appellant's claim is not preserved, because he failed to object to the belated advisement, despite ample opportunity to do so. *See* Maryland Rule 8–131. If other constitutional rights can be waived by a defendant, this important right can also be waived.

**JUDGMENT AFFIRMED.**

**COSTS TO BE PAID BY APPELLANT.**