**UNITED STATES of America Plaintiff—Appellee**

v.

**Nicolas AYALA–CERDA Defendant— Appellant**

**No. 00–10214.**
**D.C. No. CR–99–20111–JF.**

United States Court of Appeals, Ninth Circuit.

Argued April 10, 2001.

Submitted Sept. 19, 2001.

Decided Sept. 24, 2001.

---

Before O'SCANNLAIN, W. FLETCHER, Circuit Judges, and KELLEHER, District Judge.[*]

MEMORANDUM [**]

Nicholas Ayala–Cerda was convicted of one count of illegally reentering the United States in violation of 8 U.S.C. § 1326. He was sentenced to confinement for a term of 78 months, to be followed by supervised release for a period of 3 years. Ayala–Cerda appeals his conviction and sentence on various grounds. The facts and prior proceedings are known to the parties, and are restated herein only as necessary.

I

Ayala–Cerda first argues that the district court erred in admitting evidence of his post-*Miranda* statement because it was preceded by pre-*Miranda* questioning that resulted in an incriminating pre-*Miranda* statement. As we re-

[*] The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cently decided in *United States v. Orso,* 266 F.3d 1030 (9th Cir.2001) (en banc), a warned confession is not per se inadmissible simply because it was preceded by an unwarned confession. Rather, in such circumstances, the warned confession should be suppressed only if the prior unwarned confession was "involuntary, and any taint therefrom had not dissipated by the time [the defendant] was read the *Miranda* warnings." *Id.* at 1037. In this case, there is no evidence to suggest that Ayala–Cerda's pre-*Miranda* statement was involuntary.[1] Consequently, under *Orso,* Ayala–Cerda's post-*Miranda* statement was admissible.

## II

■ Ayala–Cerda next argues that he did not knowingly and voluntarily waive his right to a jury trial. Under Federal Rule of Criminal Procedure 23(a), a defendant's waiver of his right to a jury trial must be made in writing. However, case law provides for an exception to this requirement: "where the record clearly reflects that the defendant 'personally gave express consent in open court, intelligently and knowingly.'" *United States v. Saadya,* 750 F.2d 1419, 1420 (9th Cir.1985) (citations omitted). In this case, the court asked Ayala–Cerda multifarious questions in an effort to determine whether his waiver was knowing and intelligent. In response, Ayala–Cerda stated in open court that he understood that his right to a jury trial was constitutionally guaranteed, that he had discussed the waiver with counsel,

and that he understood the practical consequences of the waiver. There can be no question that during this colloquy Ayala–Cerda "'personally gave express consent in open court, intelligently and knowingly.'" *See Saadya,* 750 F.2d at 1420.

## III

■ Finally, Ayala–Cerda argues that his sentence was unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) because it exceeded the two year statutory maximum found in 8 U.S.C. § 1326(a).[2] As we recently clarified, however, *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) remains good law and, therefore, forecloses Ayala–Cerda's contention. Thus, "[t]he district court was entitled to consider any prior aggravated felony convictions in sentencing [the defendant] for illegal reentry even though such conduct had not been charged in the indictment, presented to a jury, and proved beyond a reasonable doubt." *United States v. Pacheco–Zepeda,* 234 F.3d 411, 413 (9th Cir.2001) (finding *Almendarez–Torres* to be "dispositive" even after *Apprendi* ).

## IV

For the foregoing reasons, Ayala–Cerda's conviction and sentence are AFFIRMED.

---

1. Likewise, there is no evidence to suggest that the post-*Miranda* statement was involuntary.

2. Ayala–Cerda was charged with one count of violating 8 U.S.C. § 1326, which prohibits reentry by a deported alien. Subsection (a), for which the maximum penalty is two years, requires that (1) the defendant be an alien; (2) the defendant have been deported; and (3) the defendant reenter the U.S., without permission, after his deportation. 8 U.S.C. § 1326(a). Under subsection (b), if each of the elements of subsection (a) is satisfied, and if the defendant was previously convicted of an aggravated felony, the maximum penalty is twenty years. 8 U.S.C. § 1326(b)(2). Ayala–Cerda was found guilty as charged under 8 U.S.C. § 1326 and sentenced to 78 months (6.5 years).