**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Ofelia Garcia LOPEZ,**
**Defendant-Appellant.**

No. 77–3796.

United States Court of Appeals,
Ninth Circuit.

Sept. 13, 1978.

Kenneth P. McMullan (argued), Lewis A. Wenzell, San Diego, Cal., for defendant-appellant.

Barton C. Sheela, III, Asst. U. S. Atty. (on the brief) (argued), Michael H. Walsh, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before BARNES and KENNEDY, Circuit Judges, and BARTELS,* District Judge.

KENNEDY, Circuit Judge:

■ The principal issue in this case is whether a defendant being tried by a jury in a federal criminal case may waive the right to a unanimous verdict. We hold that this right may not be waived and reverse the convictions. For the assistance of the district court in the event the case is retried, we also review the district court's determination of a search and seizure question and affirm its ruling in that regard.

I

Ofelia Garcia Lopez was convicted on three counts of transporting and attempting to transport illegal aliens, in violation of 8 U.S.C. § 1324(a)(2) and on a single count of conspiracy to commit the offenses defined in 8 U.S.C. § 1324, in violation of 18 U.S.C. § 371. The case was tried before a jury.

Less than three hours after the jury had begun its deliberations, it informed the district judge that it was deadlocked. The judge directed the jury to continue deliberating. An hour and a half later the jury again informed the court that it was deadlocked. It was late in the afternoon and the judge told the jury that they should deliberate "for a further reasonable period of time" beginning at 9:00 the next morning. The jury deliberated the following day and at mid-afternoon advised the court that

it was still deadlocked. The court told the prosecutor and the defendant that it intended to discharge the jury.

Defense counsel stated that defendant wished to waive the right to a unanimous verdict and suggested that a vote of ten jurors would be acceptable. He informed the trial court that there was appellate precedent for such a waiver. The district judge asked the defendant three times if she wished to waive her right to a unanimous verdict of twelve jurors and accept the verdict of ten of the twelve. The defendant consistently stated that she did wish to waive her right in that respect. The jury was polled, and appellant was found guilty on each count by a vote of ten to two. Without reaching the constitutional implications of the question, we hold that jury unanimity required by Federal Rule of Criminal Procedure 31 cannot be waived by the defendant.

■ The relevant portions of the rule are straightforward. Rule 31 states in part:

(a) . . . The verdict shall be unanimous. It shall be returned by the jury to the judge in open court.

. . . . .

(d) . . . When a verdict is returned and before it is recorded the jury shall be polled at the request of any party or upon the court's own motion. If upon the poll there is not unanimous concurrence, the jury may be directed to retire for further deliberations or may be discharged.

No provision for waiver is included in the rule, and the trial court is limited to two choices when the jury is not unanimous: the jury may be returned for further deliberation or it may be discharged. *Sincox v. United States,* 571 F.2d 876, 878 (5th Cir. 1978).

The draftsmen of the Rules were quite aware of the problem of waiver of various aspects of the right to a jury trial. In both the First Preliminary Draft of the Federal

---

* Honorable John R. Bartels, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Rules of Criminal Procedure (1943) and in the Rules as finally enacted, specific provision was made for the waiver of a defendant's right to trial by jury and to a jury of twelve; either right may be waived, but any waiver must be in writing and must be with the consent of the court. Fed.R. Crim.P. 23(a) & (b); *cf.* Fed.R.Crim.P. 21(a) & (b) (First Preliminary Draft 1943) (substantially identical to present rules 23(a) and (b)). Rule 31, in contrast, is silent as to the right to waive jury unanimity.

The First Preliminary Draft provided that a waiver of jury unanimity could be made in the same manner as a waiver of jury trial or of a jury of twelve may be made under present rule 23(a) or (b).[1] The Sixth Circuit has explained that "[t]his provision was so vigorously criticized by bench and bar, as not giving sufficient protection to a defendant, that it was eliminated from the Rule which became Rule 31(a)." *Hibdon v. United States,* 204 F.2d 834, 836 (6th Cir. 1953). *Accord, United States v. Scalzitti,* 578 F.2d 507 (3rd Cir.) (1978). The mandatory language of rule 31, the absence of a waiver provision in its terms, the contrast between this rule and the express waiver provisions in rule 23, and the draftsmen's

history of the rule, all support the conclusion that a waiver of jury unanimity is not permitted by the Rules of Criminal Procedure now in force.[2]

▉ As recognized by the Third Circuit, the requirement of a unanimous verdict is firmly established in the federal system, *United States v. Scalzitti, supra; see Apodaca v. Oregon,* 406 U.S. 404, 369, 92 S.Ct. 1628, 1635, 32 L.Ed.2d 184 (1972) (Powell, J., concurring), and the result we reach is consistent with that practice. The dynamics of the jury process are such that often only one or two members express doubt as to view held by a majority at the outset of deliberations. A rule which insists on unanimity furthers the deliberative process by requiring the minority view to be examined and, if possible, accepted or rejected by the entire jury. The requirement of jury unanimity thus has a precise effect on the fact-finding process, one which gives particular significance and conclusiveness to the jury's verdict. Both the defendant and society can place special confidence in a unanimous verdict, and we are unwilling to surrender the values of that mode of fact-finding, or to examine the constitutional impli-

---

1. Rule 29(a) of the First Preliminary Draft (1943) provided in pertinent part: "A verdict shall be unanimous, *but upon written stipulation of the parties approved by the court it may be by a stated majority of the jurors.*" (emphasis supplied). The italicized language was deleted from the next preliminary draft of rule 31 and from the rule as enacted. *See* Fed.R. Crim.P. 33(a) (Second Preliminary Draft 1944).

2. The three circuits which have had occasion to consider the issue have concluded that the right to a unanimous verdict may not be waived in a federal trial, although they differ in the extent to which that conclusion has a statutory, rather than a constitutional, basis. The Third Circuit in *United States v. Scalzitti, supra,* held that unanimity may not be waived since five justices of the Supreme Court have concurred in the view "that unanimity is one of the indispensable features of *federal* jury trial." *Apodaca v. Oregon,* 406 U.S. 404, 369, 92 S.Ct. 1628, 1635, 1637, 32 L.Ed.2d 184 (1972) (Powell, J., concurring) (emphasis in original). The *Scalzitti* court stated that "Congress has recognized in [rule] 31(a) that unanimity is an indispensable feature of federal criminal trials. . . . We believe that Rule 31(d) is further evidence that the unanimity requirement is not to be

waived." *Scalzitti,* 578 F.2d at 511 & n. 4. The court held that

> the unanimous verdict requirement, with its deep roots in federal jurisprudence and its clear expression in the unequivocal command of Rule 31(a), should be observed in every trial of a crime in federal court. As such, we conclude that unanimous verdicts are required without regard to any attempts by any of the parties to dispense with this requirement.

*Id.* at 512. Relying on both the Constitution and on rule 31, the Fifth Circuit recently confirmed its earlier dictum in *United States v. Gipson,* 553 F.2d 453, 456 n. 4 (1977), that the right to a unanimous verdict may not be waived. *Sincox v. United States,* 571 F.2d at 878–79. The Sixth Circuit, as well, has held that waiver is not permitted under rule 31. *Hibdon v. United States, supra* (alternate ground). *Accord,* 8A Moore's Federal Practice ⸋ 31.02[1], at 31–4 (Rev.2d ed. 1977); 2 C. Wright & A. Miller, Federal Practice & Procedure § 511 at 362 (1969). *Cf. Fournier v. Gonzalez,* 269 F.2d 26 (1st Cir.), *cert. denied, Sampedro v. People of Puerto Rico,* 359 U.S. 931, 79 S.Ct. 610, 3 L.Ed.2d 633 (1959).

**1342**

cations of an attempt to do so, absent a clear mandate in the Rules or a controlling statute.

We have held that a defendant may waive the rule which forbids substitution of an alternate juror after the jury has begun its deliberations. *United States v. Leser,* 358 F.2d 313 (9th Cir.) (interpreting Fed.R. Crim.P. 24(c)), *petition for cert. dismissed,* 385 U.S. 802, 87 S.Ct. 10, 17 L.Ed.2d 49 (1966). The vitality of the *Leser* case may be somewhat undermined by this court's citation, with apparent approval and while sitting en banc, of certain commentary which criticizes the holding in *Leser. United States v. Lamb,* 529 F.2d 1153, 1156 (9th Cir. 1975) (en banc). But if the defendant may waive the rule prohibiting substitution of a juror after deliberations have begun, then the requirement of unanimity becomes all the more important, to insure that the views of each of the jurors have been fully considered and expressed. The *Leser* case is consistent, therefore, with the conclusion we reach here.

 The Government argues that appellant did not waive her right to a unanimous verdict but rather agreed to accept the unanimous verdict of a ten person jury. *See United States v. Vega,* 447 F.2d 698 (2d Cir. 1971), *cert. denied,* 404 U.S. 1038, 92 S.Ct. 712, 30 L.Ed.2d 730 (1972). We cannot agree with this characterization of what took place at trial. Defense counsel offered "to waive our right to a unanimous verdict." The jury remained as a body of twelve throughout its deliberations and returned a verdict of "ten guilty and two not guilty" on each of the counts charged. We find that appellant attempted to waive her right to jury unanimity, not the right to a jury of twelve.[3] *United States v. Scalzitti, supra.* Jury unanimity cannot be waived and appellant's convictions therefore must be reversed.

## II

As a further ground for appeal, appellant argues that an illegal search took place at the San Clemente checkpoint, and we resolve this issue to avoid further litigation of the point in the event that appellant is tried again.

The appellant approached the checkpoint near San Clemente, California and came to the attention of Border Patrol agent Strait. He signaled her to stop. He noticed that the vehicle had no visible occupants except the driver and that it contained no items inside the passenger compartment. He went to the rear of the car and pushed down on the right fender. He felt no response from the suspension system, indicating to him either that the vehicle had heavy duty shock absorbers or that it was loaded. He observed that the appellant was nervous, and he had difficulty getting her to look at him. He motioned her to a secondary area, where agent Romel took over. Romel had seen Strait push the car down, but did not converse with Strait. Romel talked briefly with appellant and inquired about her citizenship. He then asked, "Would you mind stepping out and opening the trunk for me, please?" Appellant complied and three illegal aliens were found inside, all of whom were material witnesses at the trial. Conceding, as she must, that the agents were authorized to stop her to make inquiry of her residence status, *see United States v. Martinez-Fuerte,* 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976), the appellant contends that an illegal search occurred when the agent pushed down on the rear fender of the car. She argues that her consent to the search and the subsequent inspection of the trunk were the products of that allegedly unlawful act.

 We find it unnecessary to determine whether or not the agent acted unlawfully in touching the car to test the springs. Assuming, *arguendo,* that his actions constituted an unlawful search, we cannot agree that the evidence was discovered as a result of it or that the appellant's consent to the inspection was rendered involuntary thereby. The agent needed no articulable rea-

---

**3.** We neither approve nor disapprove the result in *Vega, supra.* We note only that the facts discussed distinguish the instant case from that presented in *Vega.*

sons at all for his decision to refer appellant to a secondary area. *United States v. Martinez-Fuerte*, 428 U.S. at 563–64, 96 S.Ct. 3074. After appellant went to the secondary area, a different agent requested her consent to the search. The search was the product of that consent, not the touching of the car. *See Hoonsilapa v. Immigration and Naturalization Service*, 575 F.2d 735 (9th Cir. 1978); *United States v. Wilson*, 553 F.2d 896, 897–98 (5th Cir. 1977); *United States v. Race*, 529 F.2d 12, 15 (1st Cir. 1976); *see also Brown v. Illinois*, 422 U.S. 590, 602–04, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975) (confession). Moreover, any fourth amendment violation was so slight that it did not taint the consent that was given. *United States v. O'Looney*, 544 F.2d 385, 390–91 (9th Cir.), *cert. denied*, 429 U.S. 1023, 97 S.Ct. 642, 50 L.Ed.2d 625 (1976).

 Whether appellant voluntarily consented to the inspection of her trunk "is a question of fact to be determined from the totality of all the circumstances." *Schneckloth v. Bustamonte*, 412 U.S. 218, 227, 93 S.Ct. 2041, 2048, 36 L.Ed.2d 854 (1973). After a hearing on appellant's motion to suppress, the district judge concluded that appellant's action in opening the car trunk constituted consent voluntarily given. That finding may be overturned only if we are convinced that the finding of the district judge was clearly erroneous, *United States v. Lemon*, 550 F.2d 467, 472 (9th Cir. 1977). The fact that a uniformed Border Patrol agent requested appellant's consent to a search of the trunk does not automatically vitiate her consent. *United States v. Page*, 302 F.2d 81, 86 (9th Cir. 1962) (en banc). *See United States v. Watson*, 423 U.S. 411, 424, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976) (valid consent by defendant while under arrest); *United States v. Townsend*, 510 F.2d 1145 (9th Cir. 1975). Whatever limited information the first officer obtained as a result of the allegedly unlawful touching of the car is insufficient to compel an inference that this "was not a search with consent, but a quiet surrender of evidence after the search was completed." *Cf. United States v. Pacheco-Ruiz*, 549 F.2d 1204, 1208 (9th Cir. 1976). The district court was correct in denying the motion to suppress the evidence obtained from a search of the car trunk.

The convictions are reversed for the reason set forth in part I of this opinion and the cause is remanded for further proceedings.

REVERSED and REMANDED.