**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

MICHAEL JOSEPH MURPHY,
　　　　　　*Defendant-Appellant.*

No. 05-50608

D.C. No.
CR-04-00141-AHS

OPINION

Appeal from the United States District Court
for the Central District of California
Alicemarie H. Stotler, District Judge, Presiding

Argued and Submitted
July 28, 2006—Pasadena, California

Filed April 18, 2007

Before: John R. Gibson,* Pamela Ann Rymer, and
Richard R. Clifton, Circuit Judges.

Opinion by Judge Clifton;
Dissent by Judge Gibson

---

*The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

**COUNSEL**

Jason Dickstein (argued), Washington Aviation Group, PC and the Law Offices of Jason A. Dickstein, Washington, D.C., for the defendant-appellant.

Debra W. Yang, United States Attorney, Wayne R. Gross, Assistant United States Attorney, and Thomas S. McConville (argued), Assistant United States Attorney, Santa Ana, California, for the plaintiff-appellee.

**OPINION**

CLIFTON, Circuit Judge:

This case presents the question of whether a stipulation to proceed with a jury of fewer than twelve members, permitted under Federal Rule of Criminal Procedure 23(b)(2)(A), constitutes a violation of the requirement that a verdict be unanimous, under Federal Rule of Criminal Procedure 31, in circumstances where there is some indication of a holdout juror. We conclude that under the circumstances here, where the defendant knowingly and intelligently stipulated to dismissing a juror and received a unanimous verdict by the remaining eleven jurors, the district court did not abuse its discretion in denying a new trial.

## I. Background

Appellant Michael Joseph Murphy was charged with violations of 18 U.S.C. § 287 and 18 U.S.C. § 1001 for making false claims and statements in connection with a government contract. After three days of trial, the jury began its deliberations on Friday, February 18, 2005.

On Tuesday, February 22, the court received a note signed by the jury foreperson that stated: "We have a dissenting point of view with one juror that will have no possible position change and requests no evidence or willing to participate." The parties agreed to the court's proposed response, which stated "The jury's deliberations must be guided by the Court's instructions. For that reason, I'm submitting a copy to you for your further consideration." Later that same day the court received a second jury note requesting the testimony of two witnesses. The court reporter began to read back the testimony of those witnesses to the jury. The court adjourned that afternoon before the testimony had been completely reread.

The following morning, before the rereading of the testimony resumed, the jury indicated to the clerk that it wanted to confer further. At 9:27 a.m. the court received a third jury note, which read, in the less than perfect form common in such notes: "A juror is not willing to deliberate[,] not open to any additional information[,] her opinion is firm and says it will not change. We are working on it = Please give us direction." After receiving this note, the parties agreed to stipulate to the removal from the jury of the one member described as not deliberating, pursuant to Federal Rule of Criminal Procedure 23(b)(2)(A),[1] and to proceed with the remaining eleven jurors. The court asked Murphy directly whether the stipulation was his wish after conferring with counsel about the matter, and Murphy responded that it was. The court accepted the stipulation, finding that "there is reason, certainly to do so in light of the compunctions, which is essentially more than once without a refusal to deliberate," and charged the clerk to enter the jury room and dismiss the juror in question. The court then stood in recess.

At 10:16 a.m., the court resumed session, and updated the parties as to what had occurred since the recess:

> After the last session of the court, the clerk scurried out to discharge the juror who hasn't deliberated. The juror insisted on handing a note to a clerk. The juror who was discharged wrote on something which is a note which I have not read. And then I received . . . a note from the jury that they have come to a verdict. And then I have . . . a handwritten stipulation that counsel put together . . . [stipulating] "to the removal of the one juror who is not deliberating as

---

[1]Under Federal Rule of Criminal Procedure 23(b)(2)(A): "At any time before the verdict, the parties may, with the court's approval, stipulate in writing that . . . the jury may consist of fewer than 12 persons[.]"

noted in jury notes one and three, pursuant to federal criminal procedure [Rule] 23B. . . ."[2]

So I have a verdict. I have a stipulation . . . and I have the juror's note which I have not read and I will read to you now.

The court read the excused juror note, which was timed at 9:52 a.m., as stating:

"After listening to the full . . . [testimony,] and after listening to the transcript and given the instructions we have received, I can't find the defendant guilty beyond a reasonable doubt. If I were to change my vote, it wouldn't be what my conscience is telling me is right. At worst this is negligence. I'm not convinced, based on all available information, the defendant is guilty beyond a reasonable doubt. That is not reasonable to me."

That is the best [the court] can make of [the juror's] note to us.

The court then invited the parties to comment. Realizing that the juror previously described as refusing to deliberate was a holdout juror refusing to vote for conviction, defense counsel moved for a mistrial based, as the court put it, "upon what is essentially being characterized as inaccurate information in jury notes one and three," the notes that had described that juror as refusing to deliberate.

The court denied Murphy's motion for a mistrial. It

---

[2]The exact words of the written stipulation filed by the court were "After oral discussion and stipulation on the record before the court, the government [and] D[efendant] hereby stipulate in writing to the removal of the one juror who is not deliberating as noted in jury notes one [and] three, pursuant to F[ederal] Rule [of] Crim[inal] Pr[ocedure] 23(b)."

explained that "there is no doubt [that] had the juror who was discharged pursuant to the stipulation not essentially insisted on giving the note to the clerk, none of us would know, really, what she, juror number five, had to say about the point." The court then summoned the jury panel, reduced in size at that point to eleven members, and received the jury's verdict, which held Murphy guilty on both counts by votes of eleven to zero.

Murphy later filed a timely motion for a new trial under Federal Rule of Criminal Procedure 33,[3] arguing that the "interest of justice" required that the court vacate the judgment. Attached to the motion was a declaration from the dismissed juror denying that she had refused to deliberate. The court denied the motion and subsequently sentenced Murphy to imprisonment for twenty-four months. Murphy appealed.

## II. Discussion

The district court's denial of a motion for new trial based on juror misconduct is reviewed for abuse of discretion, as is the court's decision to excuse a juror during deliberations. *United States v. Saya*, 247 F.3d 929, 935 (9th Cir. 2001); *United States v. Egbuniwe*, 969 F.2d 757, 760-61 (9th Cir. 1992).

[1] Whether the dismissal of the juror in this case was error, such that Murphy should be entitled to a new trial, is a question framed primarily by two Rules of Criminal Procedure: Rule 23(b)(2)(A), which provides that at any time before the verdict, the parties may, with the court's approval, stipulate in writing that the jury may consist of fewer than twelve persons; and Rule 31, which states without qualification that the jury verdict must be unanimous. Unlike jury size under Rule

---

[3]Federal Rule of Criminal Procedure 33(a) provides: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."

23, Rule 31's requirement for unanimity in the verdict may not be waived. *United States v. Lopez,* 581 F.2d 1338, 1340-41 (9th Cir. 1978).

**[2]** This court has not previously addressed a scenario exactly like the one at issue here, but this and other courts have dealt with similar situations and have interpreted Rule 23(b) to allow the parties to stipulate to removing a juror and gamble on the effect that removal will have on the verdict, as long as that verdict is unanimous on the part of the remaining jurors. In *United States v. Vega*, 447 F.2d 698, 699-701 (2nd Cir. 1971), for example, the Second Circuit evaluated jury deliberations that followed a course very similar to that in the present case. During the first few days of deliberations, the court received two notes from the jury indicating that they could not come to an agreement or final decision, to which the court responded by urging the jury to try to reach a decision. *Id.* at 699-700. A third note was received, reading "Your Honor. I am the primary holdout. I cannot change my opinion in good conscience and feel that to do so under pressure would violate my oath as a juror. I respectfully request that the jury be dismissed. Ralph Hoag." *Id.* at 700. After reading the message to counsel, the court said, "You have one guy holding out. I don't know which way he is. Do you want to accept a jury verdict of 11. I don't know which way they stand." *Id.* Defense counsel conferred with the defendant and his wife, and then reported to the court, "We will only accept a unanimous verdict. . . . Let's see if we can get a jury of 11." *Id.* When asked in open court for confirmation, defense counsel advised his client as follows: "I suggest you do it. You are not going to get a better trial. I am telling you right now." *Id.* After the defense confirmed its assent, Mr. Hoag was excused, and the jury continued deliberations and thereafter returned a guilty verdict. *Id.* at 700-01.

On appeal, the defendant argued that he had a statutory and constitutional right to a unanimous verdict which could not be waived. *Id.* at 701. The *Vega* court concluded "beyond perad-

venture" that the "defendant was represented by competent counsel" who

> during the selection of the jury and during the trial had an opportunity to select and appraise the jurors selected as best qualified to react favorably to the cause of his client. When the "holdout" crisis arose, the Court gave counsel every opportunity to exercise his courtroom judgment as to further proceedings. Counsel conferred with defendant . . . . Counsel was unwilling to accept less than a unanimous verdict but definitely was willing to accept a jury of 11. And, as measured against some other jury on a second trial, it was obviously his considered judgment that in courtroom parlance the jury "looked good" to him.
>
> . . .
>
> The many cases and law review articles cited upon the subject of "Waiver of Jury Unanimity" are not applicable to the facts here presented. The defendant here did not waive . . . his right to a unanimous verdict. He did have a unanimous verdict. His waiver, knowingly and advisedly given, was of his right to a jury of 12. . . . Rule 23(b) of the Federal Rules of Criminal Procedure . . . give[s] to the parties the right to stipulate to a jury of less than 12, at any time before verdict. For this Court to hold otherwise would be to deprive a defendant of the opportunity to follow the advice of counsel of his own choice in making a critical decision. Defendant and his counsel probably believed that he was going to obtain a favorable decision from that particular jury and upon his agreed-upon jury of 11 he was willing to "gamble." No statutory or constitutional error can be found in his exercise of these rights.

*Id.*

**[3]** Though the parties may agree to a proceeding with a jury of less than twelve under Rule 23(b) in a situation like that of *Vega*, they may not agree to receiving a non-unanimous verdict. Fed. R. Crim. P. 31; *Lopez*, 581 F.2d at 1340. The First Preliminary Draft of Rule 31 did provide "that a waiver of jury unanimity could be made in the same manner as a waiver of jury trial or of a jury of twelve may be made under present [R]ule 23(a) or (b)."[4] *Lopez*, 581 F.2d at 1341. The waiver provision was criticized as not giving sufficient protection to the defendant, however, and "was deleted from the next preliminary draft of [R]ule 31 and from the [R]ule as enacted." *Id.* at 1341 & n.1. In applying Rule 31 to cases in which the parties attempted to avoid a mistrial by agreeing to waive jury unanimity, courts have distinguished situations like that of *Vega* in which all remaining jurors voted unanimously after one or more jurors were dismissed. That distinction applies to this case as well.

In *Lopez,* after the jury had informed the court three times that it was deadlocked and the court told the parties that it intended to discharge the jury, defense counsel informed the court that he wished to waive the right to a unanimous verdict and that the vote of ten jurors would be acceptable. 581 F.2d at 1340. A jury poll following the guilty verdict revealed that the defendant was found guilty by a vote of ten to two. *Id.* This court reversed the conviction, holding that the right to a unanimous verdict cannot be waived. *Id.*

Rejecting the government's argument that the defendant had simply agreed to accept a unanimous verdict of a ten-person jury, we distinguished *Vega* on the grounds that "[d]efense counsel offered 'to waive our right to a unanimous verdict.' The jury remained as a body of twelve throughout its

---

[4]As the *Lopez* court noted, "Rule 29(a) of the First Preliminary Draft (1943) provided in pertinent part: 'A verdict shall be unanimous, *but upon written stipulation of the parties approved by the court it may be by a stated majority of the jurors.*' (emphasis supplied)." 581 F.2d at 1341 n.1.

deliberations and returned a verdict of 'ten guilty and two not guilty' to each of the counts charged." *Id.* at 1342; *see United States v. Pachay*, 711 F.2d 488 (2d Cir. 1983) (reversing a conviction rendered "on an 11 to 1 basis," following defendant's waiver of his "right to have a unanimous verdict of 12 jurors," and distinguishing *Vega* on the grounds that in *Pachay*, "the jury that returned the verdict was not a jury of 11 that deliberated as a group of 11 and returned a unanimous verdict, it was a jury of 12 that returned a non-unanimous verdict."); *United States v. Scalzitti*, 578 F.2d 507, 511-13 (3d Cir. 1978) (reversing a guilty verdict returned upon a vote of eleven to one, distinguishing the case from *Vega* because all twelve jurors participated in the deliberations at all times, voted on all counts, returned the verdicts, and were polled afterwards); *see also United States v. Smedes*, 760 F.2d 109, 112-13 (6th Cir. 1985) (focusing on "whether the verdict below was the unanimous verdict of an 11 person jury or the non-unanimous verdict of a 12 person jury," and concluding based on *Vega, Scalzitti* and *Pachay* that the jury verdict was not unanimous because the jury remained a body of twelve throughout its deliberations, and the jury was never required to reach a verdict in which all deliberating members concurred).

**[4]** Murphy's stipulation in this case did not amount to a waiver of jury unanimity, but rather fit squarely within the framework of Rule 23(b). *See Vega*, 477 F.2d at 701. In *United States v. Reyes*, 603 F.2d 69 (9th Cir. 1979), our court recognized the risk to the defendant of stipulating to a jury of less than twelve and noted that the rules provided for such a strategic gamble. Although we held that the oral stipulation in that case was not sufficient to waive the right to a jury of twelve, we explained that "[w]e do not intimate that a trial judge must explain to the defendant the strategic ramifications of the decision whether to accept a jury of less than twelve. Rather, his role should be to determine that the defendant knowingly and intelligently consents to the stipulation." *Id.* at 71-72, 72; *see also United States v. Josefik*, 753 F.2d 585, 588

(7th Cir. 1985) ("If the defendant would prefer to take his chances with the jury in its reconstituted form rather than undergo the expense and uncertainty of a new trial, why should he not be allowed to?").

In the present case, Murphy never attempted to waive his right to a unanimous verdict, nor did the court understand his stipulation as such an attempt. *Cf. Smedes*, 760 F.2d at 113. Neither did Murphy in fact waive unanimity; unlike in *Lopez, Scalzitti, Smedes* and *Pachay*, here the verdict was returned by a unanimous jury of eleven. *See Vega*, 447 F.2d at 700-01.

**[5]** It is significant that the dismissal of the juror here was based upon a stipulation of the parties, under Rule 23(b)(2)(A). Without a stipulation of the parties, the court may excuse a juror on its own under other provisions of Rule 23, in particular subsections (b)(2)(B) or (b)(3),[5] but it can do so only for "good cause." We have held that "good cause" for dismissal of a juror cannot be based on the juror's views on the merits of the case, and that when there is "considerable evidence to suggest that the other jurors' frustrations with her derived primarily from the fact that she held a position opposite to theirs on the merits of the case," dismissal of that juror cannot be sustained as being for "good cause." *United States v. Symington*, 195 F.3d 1080, 1085-88, 1088 (9th Cir. 1999). In contrast, there is no "good cause" requirement where the parties themselves stipulate to proceed with eleven jurors, under Rule 23(b)(2)(A), as in this case. Such a requirement was clearly left out of Rule 23(b)(2)(A) by its drafters, and it is not appropriate for us to add it. *Symington* does not apply

---

[5]Rule 23(b)(2)(B) states: "At any time before the verdict, the parties may, with the court's approval, stipulate in writing that: . . . a jury of fewer than 12 persons may return a verdict if the court finds it necessary to excuse a juror for good cause after the trial begins." Rule 23(b)(3) provides that "[a]fter the jury has retired to deliberate, the court may permit a jury of 11 persons to return a verdict, even without a stipulation by the parties, if the court finds good cause to excuse a juror."

here. The district court did not err in denying the motion for a new trial.

## III. Conclusion

We find no error in the district court's denial of a new trial here, where the parties stipulated to proceeding with a jury of less than twelve and received a unanimous verdict, albeit from a jury of only eleven members. That it was subsequently revealed that the juror was a holdout in favor of acquittal does not change that. On the advice of counsel, Murphy made a decision which did not turn out as he had hoped, but it was one that he was free to make and be held to under the Federal Rules of Criminal Procedure. Accordingly, we affirm his conviction.

**AFFIRMED**.

GIBSON, Circuit Judge, dissenting:

I respectfully dissent and conclude that the proper course is to reverse the conviction and remand for a new trial. When the three notes the jury submitted to the district court during its deliberations are read together, I am convinced that they demonstrate a reasonable possibility that the holdout juror entertained doubts about the merits of the government's case. Her dismissal thus violated Murphy's non-waivable Sixth Amendment right to a unanimous verdict.

While I recognize that our review is for abuse of discretion, we also have held that "[t]he district court's discretion in this area is not unbounded." *United States v. Symington* 195 F.3d 1080, 1085 (9th Cir. 1999). Indeed, "a court may not dismiss a juror during deliberations if the request for discharge stems from doubts the juror harbors about the sufficiency of the evidence." *Id.* (quoting *United States v. Brown*, 823 F.2d 591,

596 (D.C. Cir. 1987)). *Symington* reasoned that removing a juror "because he is unpersuaded by the Government's case is to deny the defendant his right to a unanimous verdict." *Id.* (quoting *United States v. Thomas*, 116 F.3d 606, 621 (2d Cir. 1997)). If a court could discharge a juror on this basis, "then the right to a unanimous verdict would be illusory." *Brown*, 823 F.2d at 596; *see also Sanders v. Lamarque*, 357 F.3d 943 (9th Cir. 2004) (habeas relief affirmed on same theory where state trial court had dismissed the only juror who was holding out in favor of acquittal). The right to a unanimous verdict is so important that, under Federal Rule of Criminal Procedure 31, it cannot be waived. *United States v. Lopez*, 581 F.2d 1338, 1340 (9th Cir. 1978).

I conclude that the three notes from Murphy's jury demonstrate that this case falls within the prohibition in *Symington* that, "if the record evidence discloses any *reasonable* possibility that the impetus for a juror's dismissal stems from the juror's views on the merits of the case, the court must not dismiss the juror." 195 F.3d at 1087. By referring to "a dissenting point of view with one juror," the first note raises an inference that one juror had an opinion on the merits of the case that was contrary to the other eleven jurors' view. In its second note, after its members had been re-instructed, the jury asked to review part of the evidence, indicating an attempt to continue deliberations. An 11-1 split was all but confirmed the next morning when the third jury note came, stating that one juror was "not willing to deliberate," "not open to any additional information," with an "opinion" that was "firm" and would not change, but also stating that the jury was "working on it." Viewed in isolation, the third note could suggest that the holdout was uncooperative in the deliberative process. The parties thought so at the time, as their stipulation agreed to dismissal "of the one juror who is not deliberating." Ordinarily, this refusal would provide good cause for dismissal. *Perez v. Marshall*, 119 F.3d 1422, 1427 (9th Cir. 1997). Taken together, however, the notes certainly demonstrate that the dismissed juror had an opinion on the case that

differed from all the other jurors' view. The record does not allow us to determine whether she actually refused to deliberate or whether her frustrated fellow jurors merely thought she was refusing. *See Symington*, 195 F.3d at 1086-87. Under these circumstances, I conclude that the notes disclosed a reasonable possibility that the removal of the holdout juror stemmed from her views on the merits of the case in violation of Murphy's right to a unanimous verdict.

The court today concludes that *Symington* has no bearing on this case because the juror was dismissed by the parties' stipulation under Federal Rule of Criminal Procedure 23(b)(2)(A), rather than for good cause under Rule 23(b)(2)(B) or (b)(3). First, I observe that neither the stipulation itself nor the parties' oral statements to the district court specified which subsection of Rule 23(b) authorized the juror's removal. In any event, the court's distinction misses the mark because the plain language of Rule 23(b)(2)(A) only authorizes the parties to stipulate—subject to the court's approval—that "the jury may consist of fewer than 12 persons"; it does not give them free rein to agree among themselves that a specific juror will be removed. The decision to remove a juror is for the district court, which must find "good cause" for dismissal, under the plain language of Rule 23(b)(2)(B) or (b)(3). Moreover, even if Rule 23 allows parties to agree to remove a juror without "good cause," Rule 31 prohibits a defendant from waiving his right to have his guilt determined by a unanimous jury verdict. *See Lopez*, 581 F.2d at 1340. Where there is a reasonable possibility that the dismissal of a juror stemmed from her views on the merits of the case, this amounts to a violation of the unanimity requirement, *Symington*, 195 F.3d at 1085, and Rule 31 invalidates the remaining jurors' verdict.

The court points out that a defendant is free to agree to a unanimous verdict of a jury of eleven, likening this case to *United States v. Vega*, 447 F.2d 698 (2d Cir. 1971). I am unable to agree that Murphy's stipulation "to the removal of

the one juror who is not deliberating" was such an agreement. In *Vega*, the record unambiguously showed that the defendant was "unwilling to accept less than a unanimous verdict," *id.* at 701, where the defendant agreed to the dismissal of the "primary hold-out" juror on the advice of experienced counsel who expressly insisted upon a unanimous verdict by a jury of eleven. *Id.* at 698-99. Here, neither the court nor Murphy's counsel, who both remarked that they had never before proceeded this way, even mentioned Murphy's non-waivable right to a unanimous verdict. More fundamentally, whether or not a defendant has experienced counsel who formally invokes the right to a unanimous verdict when he agrees to dismiss a juror who is holding out on the merits of the case, that agreement achieves the same result that a prohibited waiver of unanimity would achieve. To the extent the Second Circuit's approach in *Vega* holds otherwise, it is inconsistent with the unanimity requirement of Rule 31 as construed by this circuit in *Symington*.

I believe that Rule 31 precluded Murphy from acceding to a reduction in jury size to remove the holdout juror where there was a reasonable possibility that she was holding out on the merits of the case. Thus, I dissent.