**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-30177 |
| Plaintiff-Appellee, | D.C. No. 14-CR-00161-WFN |
| v. | |
| CRAIG ALLEN MORGENSTERN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, Senior District Judge, Presiding

Submitted February 5, 2018[**]
Seattle, Washington

Before:  GOULD and PAEZ, Circuit Judges, and MCSHANE,[***] District Judge.

Appellant Craig Allen Morgenstern raises several challenges to his

convictions for Aggravated Sexual Assault, Production of Child Pornography, and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

[***]    The Honorable Michael J. McShane, United States District Judge for the District of Oregon, sitting by designation.

Transportation with Intent to Engage in Sexual Contact with a Child. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

Morgenstern's first assignment of error is that there was insufficient evidence to support his convictions for Aggravated Sexual Abuse of a Child. "In reviewing a challenge to the sufficiency of the evidence to support a verdict in a criminal case, we ask 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Lukashov*, 694 F.3d 1107, 1118 (9th Cir. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

A violation of 18 U.S.C. §2241(c), Aggravated Sexual Abuse of a Child, occurs when a person engages in a "sexual act" with a person under the age of 16. "Sexual act" is defined as contact between the mouth and penis, or "the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. §§ 2246(2)(B), (D).

The overwhelming evidence of "sexual acts" presented at trial was sufficient evidence for a trier of fact to find beyond a reasonable doubt that Morgenstern committed Aggravated Sexual Abuse of a Child. *See Lukashov*, 694 F.3d at 1118–19. The jury was properly instructed as to the definition of "sexual acts" and any

2

argument that they may have confused that definition with the standard for "sexually explicit conduct" required for conviction of the Production of Child Pornography counts is not supported by the record.

Morgenstern's second assignment of error is that there was insufficient evidence of sedation to support his convictions for Aggravated Sexual Assault. In addition to expert testimony, evidence presented at trial showed that the victims appeared to be asleep during the abuse. Person A was not aware the abuse occurred until investigators showed him pictures of Morgenstern abusing him. There was evidence that Morgenstern placed sedatives in the hot chocolate he gave some of the victims. Morgenstern provided some boys with pills and liquor at a hotel room. Images showed three seemingly unconscious boys being abused in the same hotel room. A rational jury could have concluded beyond a reasonable doubt that the victims in each relevant count were sedated.

Morgenstern's third assignment of error is that there was insufficient evidence to prove venue in the Eastern District of Washington for the eight counts of Aggravated Sexual Assault. The district court's venue determination is reviewed *de novo*. *See United States v. Gonzalez*, 683 F.3d 1221, 1224 (9th Cir. 2012). The government must establish proper venue by a preponderance of the evidence. *See id.*

3

Aggravated Sexual Abuse of a Child is a continuing offense. *See Lukashov*, 694 F.3d at 1121. "[V]enue for a continuing offense is proper if an 'essential conduct element' of the offense begins in, continues into, or is completed in the charging district." *Id.* at 1120–21 (quoting 18 U.S.C. § 3237(a) and *United States v. Rodriguez-Moreno*, 526 U.S. 275, 280 (1999)). The essential conduct elements of aggravated sexual abuse are: "(1) crossing a state line, (2) with intent to engage in a sexual act with a child, and (3) engaging in or attempting to engage in a sexual act with a child." *Id.* at 1121.

A rational jury could reasonably infer that Morgenstern travelled from Washington to Mississippi—bringing cameras, tripods, and video games he did not play—with a motivating purpose of sexually abusing Person A. Morgenstern's argument that he travelled to Mississippi for work "ignores the human ability and propensity to act in light of multiple motives and purposes." *Id.* at 1118. Similarly, a rational jury could conclude Morgenstern travelled to an amusement park in Idaho with a motivating purpose of abusing the three brothers in a hotel room.

Morgenstern's fourth assignment of error is that the trial court erred by failing to exclude the victims' parents from the courtroom during the trial. As crime victims, however, the parents had "[t]he right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing

4

evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding." 18 U.S.C. § 3771(a)(3); *In re Mikhel*, 453 F.3d 1137, 1139 (9th Cir. 2006) (per curiam).

The parents' testimony at trial consisted of establishing the ages of their children and describing each family's general relationship with Morgenstern. Neither parent testified to witnessing any abuse. The government's case rested largely on photographic and video evidence taken from Morgenstern's hard drives. Considering the evidence against Morgenstern and each parent's actual testimony, there is no evidence either parent materially altered testimony by remaining in the courtroom during the trial.

Finally, Morgenstern argues that a sleeping juror and inadequate deliberations deprived him of a fair trial. We review for abuse of discretion the district court's denial of a motion for a new trial due to juror misconduct. *United States v. Murphy*, 483 F.3d 639, 642 (9th Cir. 2007).

The jury was presented with an overwhelming amount of digital evidence that depicted Morgenstern performing sexual acts on the victims. No defense was presented at trial. Morgenstern was not denied a fair trial based on the length of the jurors' deliberations.

At a hearing on Morgenstern's motion for a new trial, the trial judge concluded there was no evidence a specific juror fell asleep and, even if he did, it

was for a brief moment. We agree with the district court that under the circumstances, Morgenstern was not deprived of a fair trial. "[T]he presence of a sleeping juror during trial does not, per se, deprive a defendant of a fair trial." *United States v. Olano*, 62 F.3d 1180, 1189 (9th Cir. 1995) (*Olano II*). Rather, a defendant asserting that a sleeping or absent juror deprived him of a fair trial must demonstrate actual prejudice. *See id.* at 1189–90 (discussing *United States v. Springfield*, 829 F.2d 860 (9th Cir. 1987), *abrogated on other grounds by United States v. Benally*, 843 F.3d 350, 353–54 (9th Cir. 2016)).

Considering the overwhelming evidence of Morgenstern's guilt, and the fact that the evidence presented while the juror was allegedly sleeping was not helpful to Morgenstern's defense, Morgenstern cannot demonstrate prejudice.[1] *See Springfield*, 829 F.2d at 864.

**AFFIRMED**.

---

[1] While the juror was allegedly sleeping, the prosecution's expert anesthesiologist testified about sedative effects of drugs like benzodiazepine.